**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57033-5-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CATLIN J. KNUTSON, | |
| Appellant. | |

CHE, J. — Catlin J. Knutson[1] appeals the trial court's imposition of the $500 victim penalty assessment (VPA) under former RCW 7.68.035 (2018). A jury convicted Knutson of third degree theft and third degree assault. During the sentencing hearing, the trial court stated that Knutson was indigent and imposed only the $500 VPA. But, in its judgment and sentence, the trial court did not expressly find that Knutson was indigent under RCW 10.01.160(3).

We hold that a newly enacted statutory provision precludes imposing the VPA on an indigent defendant and remand for the trial court to expressly determine in the judgment and sentence whether Knutson is indigent under RCW 10.01.160(3) and to reconsider imposition of the VPA based on that determination.

---

[1] Various spellings of Knutson's name appear throughout the record. *See* CP at 89, 93-94 (spelling the defendant's name as "Caitlin"). We use the spelling as it appears on Knutson's judgment and sentence.

FACTS

In March 2022, the State charged Knutson with third degree theft and third degree assault. A jury found Knutson guilty of both crimes. Knutson generally requested that the court waive any discretionary fees because of her indigency. At the time of sentencing, Knutson had been homeless for five to six years. She had also been unemployed for approximately five years.

Recognizing that Knutson "has limited ability to meet her legal financial obligations, either now or in the future," the trial court "only impose[d] the mandatory $500 crime victims' fund." Rep. of Proc. (RP) at 297-98. The trial court went on to say that Knutson was indigent, specifically in relation to conditions of community custody, and it waived fees related to community custody. But the trial court did not expressly find indigency under RCW 10.01.160(3) on the judgment and sentence.

Knutson appeals the imposition of the $500 VPA.

ANALYSIS

Knutson argues that the trial court erred by imposing the VPA because it constitutes an unconstitutionally excessive fine as to Knutson due to her indigency. We remand for the trial court to address the VPA issue in light of the recent statutory amendment.

Former RCW 7.68.035(1)(a) mandated that the trial court impose the VPA on any person convicted of a crime without regard to one's ability to pay. The legislature amended RCW 7.68.035 in 2023. LAWS OF 2023, ch. 449, § 1. Effective July 1, 2023, RCW 7.68.035(4) prohibits the trial court from imposing the $500 VPA "if the court finds that the defendant, at the time of sentencing, is indigent as defined in RCW 10.01.160(3)." LAWS OF 2023, ch. 449, § 1(4).

2

A defendant is indigent under RCW 10.01.160(3) if the defendant:

(a) Meets the criteria defined in RCW 10.101.010(3) (a) through (c); (b) is homeless or mentally ill as defined in RCW 71.24.025; (c) has household income above 125 percent of the federal poverty guidelines and has recurring basic living costs, as defined in RCW 10.101.010, that render the defendant without the financial ability to pay; or (d) has other compelling circumstances that exist that demonstrate an inability to pay.

To that end, RCW 10.101.010(3) defines "indigent" in sections (a) through (c) as follows:

a person who, at any stage of a court proceeding, is:

(a) Receiving one of the following types of public assistance: Temporary assistance for needy families, aged, blind, or disabled assistance benefits, medical care services under RCW 74.09.035, pregnant women assistance benefits, poverty-related veterans' benefits, food stamps or food stamp benefits transferred electronically, refugee resettlement benefits, medicaid, or supplemental security income; or

(b) Involuntarily committed to a public mental health facility; or

(c) Receiving an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level.

The costs imposed under former RCW 7.68.035(1)(a) are not considered final if the case is still pending on review when the amendment became effective. *State v. Ellis*, __ Wn. App. __, 530 P.3d 1048, 1057 (2023).

Although the amended RCW 7.68.035 took effect after Knutson was sentenced, it applies to Knutson because this case is on direct appeal. *See Ellis*, 530 P.3d at 1057. Given the enactment of a new statutory provision that specifically takes into consideration the situation of indigent defendants, we need not decide whether the imposition of the VPA violates the excessive fines clause.

At the time of sentencing, the trial court doubted Knutson's "ability to meet her legal financial obligations." RP at 297. Knutson had been homeless for five to six years and jobless

3

No. 57033-5-II

for around five years. Although the trial court determined—at the sentencing hearing—that Knutson was "indigent" and waived all discretionary fees, the trial court did not expressly find that Knutson was indigent under RCW 10.01.160(3) in the judgment and sentence. RP at 297-98. Accordingly, we remand for the trial court to expressly determine in the judgment and sentence if Knutson is indigent under RCW 10.01.160(3) and to reconsider imposing the VPA in light of that determination and the amendment to RCW 7.68.035.

CONCLUSION

We remand to the trial court to reconsider the imposition of the $500 VPA.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Lee, J.

Cruser, A.C.J.

4