# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
# DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>       Respondent,<br><br>    v.<br><br>ERIC PETERSON,<br><br>       Appellant. | No. 84675-2-I<br><br>ORDER GRANTING IN PART MOTION FOR RECONSIDERATION AND AMENDING OPINION |

The respondent, State of Washington, has filed a motion for reconsideration of the opinion filed August 14, 2023. The appellant, Eric Peterson, has filed an answer. The panel has considered the motion and has determined that the motion should be granted in part and the opinion should be amended. Now, therefore, it is hereby

**ORDERED** that the motion for reconsideration is granted in part. It is further

**ORDERED** that the opinion be amended as follows:

**DELETE** the first full paragraph, beginning at line six on page three and ending at line twenty on page three, which reads:

> Peterson also argues that the trial court erred by ordering a condition of community custody prohibiting him from "form[ing] relationships with families who have minor children, as directed by the supervising Community Corrections Officer." A

community custody condition that does not provide fair warning of proscribed behavior is unconstitutionally vague. State v. Bahl, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008). Without an objective qualifier for the type of relationship with a family, this community custody condition does not provide sufficiently ascertainable standards such that Peterson could understand what is prohibited, nor does it protect him from arbitrary enforcement. See In re Matter of Ansell, No. 82506-2-I, slip op. at 17 (Wash. Ct. App. Jan. 18, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf 825062.pdf; State v. Martinez Zavala, No. 80817-6-I, slip op. at 9-10 (Wash. Ct. App. April 26, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/808176/pdf.[2] We accept the State's concession and remand to the lower court to provide sufficient definiteness regarding the type and matter of relationship prohibited.[3]

---

[2] See GR 14.1(c) ("Washington appellate courts should not, unless necessary for a reasoned decision, cite or discuss unpublished opinions in their opinions.").

[3] Because we accept the State's concessions herein, we need not address Peterson's claim that defense counsel was ineffective in failing to argue that the challenged community custody conditions were improper.

**REPLACE** that paragraph with the following paragraph:

Peterson also argues that the trial court erred by ordering a condition of community custody prohibiting him from "form[ing]

relationships with families who have minor children, as directed by the supervising Community Corrections Officer." A community custody condition that does not provide fair warning of proscribed behavior is unconstitutionally vague. State v. Bahl, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008). In re Pers. Restraint of Ansell, ___Wn.3d ___, 533 P.3d 875, 883-84 (2023) held a substantially similar condition was not unconstitutionally vague when read in context. The condition is affirmed, but given our remand on other issues, we direct that Peterson is not precluded from arguing on remand that the condition should be made more explicit provided any revision remains consistent with Ansell.

FOR THE COURT:

Birk, J.

Hazel, ACJ

Dwyer, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>     Respondent,<br><br>    v.<br><br>ERIC PETERSON,<br><br>     Appellant. | No. 84675-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — Eric Peterson pleaded guilty to rape of a child in the first degree and child molestation in the first degree. The trial court denied Peterson's request for a Special Sex Offender Sentencing Alternative (SSOSA) and imposed an indeterminate sentence consisting of a minimum term of 144 months confinement and a maximum term of life, plus community custody up to the maximum term of life. The court found Peterson indigent and imposed the mandatory $500 victim penalty assessment (VPA) and the $100 DNA collection fee. An agreed restitution order obligated Peterson to pay $649.10 plus interest on the restitution principal until paid in full.

Peterson now challenges three conditions of community custody set forth in his judgment and sentence. He also challenges certain legal financial obligations (LFOs) based on recent statutory amendments. We remand to the trial court for proceedings consistent with this opinion.

Community Custody Conditions

Peterson contends, and the State concedes, that a provision in the judgment and sentence requiring him to pay supervision fees as a condition of community custody is a scrivener's error because the record shows the trial court did not intend to impose it.  See State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199 (2020) (striking community custody supervision fee where the record demonstrates the court intended to impose only mandatory LFOs).  We accept the State's concession and remand for the trial court to strike the provision imposing community custody supervision fees. [1]

Peterson also challenges a condition requiring him to "[p]ay all restitution and legal financial obligations, including the costs of crime-related counseling and medical treatment" required by the victim.  This court reviews community custody conditions for abuse of discretion and will reverse them only if they are "manifestly unreasonable."  State v. Sanchez Valencia, 169 Wn.2d at 791-92, 239 P.3d 1059 (2010).

Peterson argues, and the State concedes, that the requirement to pay counseling costs should be stricken because such costs were not included in the restitution order.  Peterson further contends that the "medical treatment" portion of the condition is problematic to the extent it could be interpreted to require him to pay future costs of medical treatment not included in the restitution order.

---

[1] Although the State's concession did not address it, Peterson correctly notes that a recent change in the relevant statute, effective July 1, 2022, removed the authorization for trial courts to impose community custody supervision fees.  See LAWS OF 2022, ch. 29 § 8.  The amendment applies to cases on direct appeal.  State v. Wemhoff, 24 Wn. App. 2d 198, 200, 519 P.3d 297 (2022).

However, as the State points out, the order expressly set restitution at $649.10 owed to the Crime Victim Compensation Fund for medical services rendered to the victim on a specific date. Thus, based on the State's concession, we remand for the trial court to strike the language "including the costs of crime-related counseling" from the conditions of community custody.

Peterson also argues that the trial court erred by ordering a condition of community custody prohibiting him from "form[ing] relationships with families who have minor children, as directed by the supervising Community Corrections Officer." A community custody condition that does not provide fair warning of proscribed behavior is unconstitutionally vague. State v. Bahl, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008). Without an objective qualifier for the type of relationship with a family, this community custody condition does not provide sufficiently ascertainable standards such that Peterson could understand what is prohibited, nor does it protect him from arbitrary enforcement. See In re Matter of Ansell, No. 82506-2-I, slip op. at 17 (Wash. Ct. App. Jan. 18, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf825062.pdf; State v. Martinez Zavala, No. 80817-6-I, slip op. at 9-10 (Wash. Ct. App. April 26, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/808176/pdf.[2] We accept the State's concession and remand to the lower court to provide sufficient definiteness regarding the type and matter of relationship prohibited.[3]

---

[2] See GR 14.1(c) ("Washington appellate courts should not, unless necessary for a reasoned decision, cite or discuss unpublished opinions in their opinions.").

[3] Because we accept the State's concessions herein, we need not address Peterson's claim that defense counsel was ineffective in failing to argue that the challenged community custody conditions were improper.

<u>Legal Financial Obligations</u>

Peterson argues that the victim penalty assessment (VPA) should be stricken from the judgment and sentence based on recent statutory amendments. The victim penalty assessment was recently addressed in <u>State v. Ellis</u>, 530 P.3d 1048, 1057 (2023). There, Division Two observed that

> ESHB 1169 added a subsection to RCW 7.68.035 that prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4). The amended statute also requires trial courts to waive any VPA imposed prior to the effective date of the amendment if the offender is indigent, on the offender's motion. LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(5)(b). This amendment will take effect on July 1, 2023. LAWS OF 2023, ch. 449.

The new law applies to cases pending on appeal. <u>Ellis</u>, 530 P.3d at (2023) (citing <u>State v. Ramirez</u>, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018).

The State argues that <u>Ellis</u> reaches too far in extending the holding of <u>Ramirez</u> beyond imposition of costs, but does not object to treating Peterson's claim as a post-sentencing VPA waiver motion newly authorized under RCW 7.68.035(5)(b). We disagree, and follow <u>Ellis</u>. The court found Peterson indigent, so the VPA should be stricken on remand.[4]

Peterson also argues, and the State concedes, that the DNA collection fee should be stricken from the judgment and sentence. The legislature has eliminated the DNA collection fee, effective July 1, 2023. LAWS OF 2023, ch. 449, § 4. Thus, the trial court should strike the DNA collection fee as well.

---

[4] The State, citing RAP 2.5(a), also argues that Peterson waived his claim of error regarding the VPA by failing to object below. We disagree. Courts "regularly exercise their discretion to reach the merits of unpreserved LFO arguments." <u>State v. Glover</u>, 4 Wn. App. 2d 690, 693, 423 P.3d 290 (2018) (citing <u>State v. Blazina</u>, 182 Wn.2d 827, 832, 344 P.3d 680 (2015).

Lastly, Peterson argues that the case should be remanded for the trial court to exercise its discretion on whether to impose interest on restitution. After the court sentenced Peterson and ordered restitution, RCW 10.82.090 was amended to allow the court to waive interest on restitution based on a variety of factors, including indigency. See LAWS OF 2022, ch. 260, § 12 (effective January 1, 2023). The amendment applies to Peterson because his case is on direct appeal. See Ellis, 530 P.3d at 1057. We decline the State's invitation to depart from Ellis or to conclude that Peterson waived this claim by failing to object below. We therefore remand to the trial court to address whether to impose interest on the restitution amount based on the factors set forth in RCW 10.82.090(2).

Remanded for proceedings consistent with this opinion.

FOR THE COURT:

_____
Birk, J.

_____
Hazelrigg, ACJ

_____
Dwyer, J.