## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 84730-9-I (consolidated with 84731-7-I, 84732-5-I, 84733-3-I, 84734-1-I, 84735-0-I, 84736-8-I, 84737-6-I, 84738-4-I, 84739-2-I) |
| Respondent. | |
| v. | |
| JACOB WILLIAM CARMAN, | DIVISION ONE |
| Appellant. | UNPUBLISHED OPINION |

PER CURIAM — In these consolidated appeals, Jacob William Carman filed notices of appeal challenging the imposition of $500 Victim Penalty Assessments (VPAs) imposed in judgments and sentences entered in ten separate superior court causes. When Carman was sentenced on these matters in 2022, the VPA was a mandatory condition of all sentences. Former RCW 7.68.035 (2018). In 2023, the legislature added a subsection to RCW 7.68.035 that prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). State v. Ellis, ___ Wn. App. 2d ___, 530 P.3d 1048, 1055 (2023). The State does not dispute that Carman is indigent and concedes that this matter should be remanded to strike the VPA from Carman's judgments and sentences.[1]

We accept the State's concession and remand to the superior court to strike the

---

[1] Carman also challenges language in each of the underlying judgments and sentences providing that interest will accrue on any restitution imposed. The legislature also amended RCW 10.82.090 after Carmen was sentenced to allow the sentencing court to waive interest on restitution upon consideration of several factors, including indigency. However, the sentencing court did not order restitution in connection with any of the underlying matters, therefore the interest provision has no effect and it is unnecessary to remand for reconsideration or amendment of that provision.

VPA provisions from the underlying judgments and sentences.

FOR THE COURT:

Feldman, J.

Birk, J.

Smith, C.J.