**FILED**
**SEPTEMBER 28, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38859-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MITCHELL J. BONNEVILLE, | ) | |
| | ) | |
| Appellant. | ) | |

BIRK, J.* — A jury convicted Mitchell Bonneville of failure to remain at the scene of a car accident causing substantial injuries. As part of Bonneville's sentence, the trial court imposed the $500 crime victim penalty assessment (VPA). On appeal, Bonneville makes one assignment of error, arguing the court's imposition of the VPA was an unconstitutionally excessive fine. We conclude it is not necessary to reach Bonneville's argument in light of statutory amendments new since Bonneville's sentencing. We remand for the trial court to consider the new statutory amendments.

Maximus Reville was riding an electric scooter to work in the early morning of October 7, 2020, when he was struck by a vehicle. The driver who struck Reville did not remain at the scene. Passersby came across Reville and summoned aid. Reville suffered numerous broken bones, bleeding in his brain, and injury to his spleen. He spent a week

___

* The Honorable Ian S. Birk is a Court of Appeals, Division One, judge sitting in Division Three pursuant to CAR 21(a).

in the intensive care unit of a local hospital and his recovery process included eight

months of physical and speech therapy.

Law enforcement officers' investigation led to Bonneville. Bonneville admitted he

had been the driver in the collision, and that he neither remained at the scene nor returned

to aid Reville. The State charged Bonneville with failure to remain at the scene of a car

accident resulting in injury. The State also charged as an aggravating circumstance that

Reville's injuries substantially exceeded the level of bodily harm necessary to satisfy the

elements of the offense. A jury found Bonneville guilty as charged and found the

aggravating circumstance.

Sentencing took place on April 6, 2022. During the hearing, the court inquired into

Bonneville's financial circumstances. Defense counsel explained that Bonneville "was

previously working at Northern Quest Casino. He's lost his job or I believe he will lose

his job. . . . He works in information technology." Bonneville addressed the judge,

appearing to assert he had found a new job:

> [MR. BONNEVILLE]: I provide for my household, so I'm the only
> one that makes the money. I just now got another job, and because I can't
> work at the casino anymore with a felony, I'm the one that supports my
> household. . . .
> . . . .
> THE COURT: I mean, you say you're working. Are you working
> full-time? Part-time?
> [MR. BONNEVILLE]: I just got another job offer.
> THE COURT: Okay. And are you working days or nights?

2

> [MR. BONNEVILLE]: Days.
> THE COURT: Okay. Like Monday through Friday?
> [MR. BONNEVILLE]: Yeah.

Bonneville also informed the court that he had an associate's degree.

The trial court imposed the $500 VPA, which it noted was mandatory at the time, and the $100 DNA (deoxyribonucleic acid) collection fee, and required minimum monthly payments of $10. Bonneville did not object to the imposition of the VPA. The State sought to clarify whether the court was finding indigency given its decision not to impose certain other court costs:

> [TRIAL PROSECUTOR]: Your Honor, just so I get the judgment and sentence correct, I did not hear did the Court make a finding of indigency or did the Court impose the $200 court costs?
> THE COURT: I did not impose the $200 court costs at this time based on the fact that he just got his job back and he's going to have to pay the $600.

In the judgment and sentence, the court included a specific finding that Bonneville was "indigent as defined in RCW 10.101.010(3)(a)-(c) because [he] . . . receives an annual income, after taxes, of 125 percent or less of the current federal poverty level."

Bonneville appealed. On appeal, Bonneville asserts one assignment of error, arguing, "The sentencing court erred when it ordered appellant to pay a $500 victim penalty assessment, despite his inability to pay, in violation of the excessive fines clause." We conclude it is not necessary to reach Bonneville's constitutional challenge because

statutory amendments new since his sentencing require the VPA to be waived in cases where the defendant is indigent.

As this court explained in State v. Ellis, the legislature amended the VPA statute by passing Engrossed Substitute House Bill (ESHB) 1169, with the amendments taking effect July 1, 2023. See ___ Wn. App. 2d ___, 530 P.3d 1048, 1057 (2023) (citing LAWS OF 2023, ch. 449, § 1). The amendments prohibit courts from imposing the VPA on defendants defined as indigent under RCW 10.01.160(3), and require courts to waive any VPA imposed before the effective date, on the offender's motion, if the offender is unable to pay. See RCW 7.68.035(4), .035(5)(b). In Ellis, this court applied these amendments prospectively to the case on direct review. 530 P.3d at 1057 (citing State v. Ramirez, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018)). This court applied a similar analysis in prospectively applying amendments affecting community supervision fees to a case on direct review in State v. Wemhoff, 24 Wn. App. 2d 198, 202, 519 P.3d 297 (2022). Because there was no finding of indigency in Ellis and the State did not concede the issue, we remanded for a determination of indigency and reconsideration of the imposition of the victim penalty assessment. 530 P.3d at 1057.

In this case the trial court made a written finding of indigency. Despite this, in arguing against Bonneville's raising his constitutional challenge for the first time on appeal, the State points to indications in the record suggesting "the court would likely not

foresee that Mr. Bonneville, or others situated like him, would be unable to pay a $500 fee." These indications were that Bonneville "had a full-time job in information technology, a second job offer, and an associate degree," "had worked at the time of offense as a cook and had held yet a different second job at the casino," and would not face incarceration under his first-time offender waiver sentence. Because there is a degree of ambiguity concerning Bonneville's ability to pay, instead of ordering the VPA stricken we remand for the trial court to reconsider imposition of the VPA in light of the amendments in ESHB 1169. We remand without prejudice to the State electing to stipulate to striking the VPA, the trial court entertaining an indigency argument under RCW 7.68.035(4), or Bonneville presenting a motion under RCW 7.68.035(5)(b).

Remanded with instructions.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Birk, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.          Staab, J.