IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent.<br><br>v.<br><br>G.O.,<br><br>               Appellant. | No. 85136-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — G.O. filed an appeal challenging the imposition of a $100 Victim Penalty Assessment (VPA) and DNA[1] collection fee as part of his disposition order. In May 2023, while G.O.'s appeal was pending, the legislature amended the law with respect to legal financial obligations, which no longer authorizes the court to require juveniles to pay any legal financial obligations apart from restitution. Laws of 2023, ch. 449 § 1. The legislature also amended the DNA collection statute to eliminate that fee. Laws of 2023, ch. 449 § 4. Although the amendments did not take effect until after G.O. was sentenced, our courts have held that the recent amendments to statutes governing legal financial obligations apply retroactively to matters pending on direct appeal. See State v. Ellis, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). The State concedes that it is appropriate to remand for the purpose of striking the VPA and DNA fee.

G.O. has filed a statement of additional grounds asserting claims not raised by counsel. G.O. contends that trial counsel failed to object to the admission of ER 404(b)

---

[1] Deoxyribonucleic acid.

evidence pertaining to "[p]hone calls and allegations" against him; made insufficient effort to interview potential witnesses; failed to present the testimony of family members to support his defense; and failed to adequately advise him about whether or not to testify.

To show ineffective assistance of counsel, G.O. must establish that his counsel's performance was both deficient and resulted in prejudice. State v. Grier, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011); Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions; a strategic or tactical decision is not a basis for finding error. Strickland, 466 U.S. at 689-91. A defendant may overcome the presumption that counsel's performance was reasonable only by showing there is "'no conceivable legitimate tactic explaining counsel's performance.'" Grier, 171 Wn.2d at 33, 246 P.3d 1260 (quoting State v. Reichenbach, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)).

With regard to ER 404(b) evidence, counsel moved pretrial to exclude evidence related to allegations raised by the victims' parents about incidents that allegedly occurred out of state. In making this motion, the defense expressly did not seek to exclude testimony about a telephone call between G.O.'s father and the victim's father, which prompted the victim's parents to question her. Although G.O. now claims that this evidence was objectionable, the telephone call at issue provided the factual foundation for the expert witness testimony that supported G.O.'s defense. According to the expert witness, the telephone call in question, the victim's awareness of the substance of the call, and subsequent questioning by the victim's father provided the "seed" that led to the

underlying allegations and a "source misattribution or memory mistake" on the part of the victim. It is evident from the record that defense counsel's decision not to object, and instead, to rely on testimony about the telephone call, was strategic.

G.O.'s claims involving counsel's decisions with respect to interviewing witnesses, presenting witness testimony, and discussions with G.O. about trial strategy and his decision as to whether to testify involve facts and evidence outside of the appeal record and "are properly raised through a personal restraint petition, not a statement of additional grounds." State v. Calvin, 176 Wn. App. 1, 26, 302 P.3d 509 (2013).

We accept the State's concession and remand to the superior court to strike the VPA and DNA fee from the disposition order entered in King County Superior Court Cause No. 21-8-00188-1.

FOR THE COURT:

_Chung, J._

_Coburn, J._

_Hazelrigg, ACJ_