# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58040-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MICHAEL S. HUDSON, JR., | |
| Appellant. | |

CHE, J. — Michael Hudson appeals his sentence after pleading guilty to several crimes. He argues that the trial court erred when it imposed the victim penalty assessment (VPA) and DNA fee because he is indigent. The State concedes. Hudson also asks this court to have the trial court reconsider the imposed domestic violence assessment. We accept the State's concession and remand for the trial court to strike the VPA and DNA fee and to reconsider the domestic violence assessment in light of Hudson's indigency.

### FACTS

Hudson pleaded guilty to five counts of first degree child rape (domestic violence), four counts of sexual exploitation of a minor (domestic violence), and one count of first degree dealing in depictions of a minor engaged in sexually explicit conduct. At sentencing, the trial court found Hudson indigent as defined in RCW 10.101.010(3)(a)-(c) and that he did not have the ability to pay and was not anticipated to be able to pay financial obligations in the future under RCW 10.01.160. The trial court imposed a $500 VPA, $100 domestic violence assessment, and $100 DNA collection fee.

Hudson timely appeals.

ANALYSIS

Hudson argues that the trial court erred by imposing a $500 VPA and $100 DNA collection fee. The State concedes. We accept the State's concession.

Effective July 1, 2023, RCW 7.68.035(4) prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). For purposes of RCW 10.01.160(3), a defendant is indigent if they meet the criteria in RCW 10.101.010(3)(a)-(c). Although this amendment took effect after Hudson's sentencing, it applies to cases pending on appeal. *Ellis*, 27 Wn. App. 2d at 16.

Likewise, the legislature's recent amendment to RCW 43.43.7541 eliminating the DNA collection fee applies to Hudson's case because it is on appeal. *Ellis*, 27 Wn. App. 2d at 16.

The trial court determined that Hudson was indigent under RCW 10.101.010(3)(a)-(c). Therefore, the $500 VPA and $100 DNA collection fee must be stricken from the judgment and sentence.

Hudson also argues that on remand, the trial court should reconsider the imposition of a domestic violence assessment. The State does not address this argument. We agree with Hudson.

RCW 10.99.080 states that a court may impose a penalty assessment on any adult offender convicted of a crime involving domestic violence. In addition, RCW 10.99.080(5) encourages sentencing judges "to solicit input from the victim or representatives for the victim in assessing the ability of the convicted offender to pay the penalty, including information regarding current financial obligations, family circumstances, and ongoing restitution." Given

No. 58040-3-II

the trial court's finding that Hudson is indigent, we encourage the trial court to follow RCW 10.99.080(5) on remand and reconsider the imposition of a domestic violence assessment.

We affirm and remand to the trial court to strike the VPA and DNA collection fee and to reconsider the imposition of a domestic violence assessment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Lee, J.

Glasgow, C.J.

3