IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,

        Respondent.

  v.

GEORGE VALENTINO SLOAN,

        Appellant.

No. 85362-7-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — George Sloan was convicted by jury of two counts of assault in the first degree and one count of unlawful possession of a firearm in the first degree. Sloan represented himself throughout pretrial hearings, trial, and sentencing. The trial court found Sloan indigent for purposes of appeal and ordered him to pay the then-mandatory $500 Victim Penalty Assessment (VPA) as part of his judgment and sentence.

Sloan filed an appeal challenging the imposition of the VPA. In 2023, the legislature added a subsection to RCW 7.68.035 that prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). *State v. Ellis*, 27 Wn. App. 2d 1, 11, 530 P.3d 1048 (2023). The State does not dispute that Sloan is indigent and concedes that this matter should be remanded to strike the VPA from Sloan's judgment and sentence. We accept the State's concession and remand to the superior court to strike the VPA from Sloan's judgment and sentence.

Sloan also submitted a statement of additional grounds for review (SAG) in which

he claims that (1) the trial court "deprived" him of his "constitutional right to a speedy trial," (2) the trial court "abused its discretion in granting continuances beyond CrR 3.3," (3) he "suffered prejudice by being forced to choose between my right to a speedy trial and my right to effective counsel who was fully prepared and ready for trial," and (4) "[t]he deputy prosecutor committed prosecutorial misconduct by making prejudicial comments which revealed suppressed evidence." Sloan provided no further argument or context to support these alleged errors.

Under RAP 10.10, "the defendant may file a pro se statement of additional grounds for review to identify and discuss those matters related to the decision under review that the defendant believes have not been adequately addressed by the brief filed by the defendant's counsel." RAP 10.10(a). Although RAP 10.10(c) does not require Sloan to refer to the record or cite authority, he is required to inform this court of the "nature and occurrence of [the] alleged errors." Further, we are not obligated to search the record in support of SAG claims. *Id.*

Sloan does not elaborate on these claims. He asserts violation of his right to a speedy trial but does not explain why trial was delayed, identify why any continuances were improper, or describe how or why he was allegedly forced to choose between his speedy trial rights and his right to effective counsel. Nor does Sloan identify which statements he challenges as prosecutorial misconduct. The assertions of error Sloan raises in his SAG are too vague and conclusory to identify specific error or permit fair review, and we decline to consider them further.

Sloan has failed to establish any error that warrants reversal and we affirm his convictions. However, we remand for the trial court to strike the VPA from the judgment

No. 85362-7-I/3

and sentence.

FOR THE COURT:

Hazelrigg, A.C.J.

Bowman, J.

Mann, J.

-3-