# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent.<br><br>    v.<br><br>SHAKUR O'NEAL HARRIS,<br><br>               Appellant. | No. 85347-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — Shakur Harris filed an appeal challenging the imposition of a $500 Victim Penalty Assessment (VPA) as a provision of his judgment and sentence. When Harris was sentenced in May 2023, the VPA was a mandatory condition of sentence. Former RCW 7.68.035 (2018). Effective July 1, 2023, the legislature added a subsection to RCW 7.68.035 that prohibits trial courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). *State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). Further, courts are statutorily required to waive the VPA, even if imposed prior to the 2023 amendment, on the defendant's motion. *Id*.; RCW 7.68.035(5)(b). The State does not dispute that Harris is indigent and concedes that this matter should be remanded to strike the VPA from Harris's judgment and sentence.

We accept the State's concession and remand to the superior court to strike the VPA provision from the judgment and sentence entered in King County Superior Court Cause No. 22-1-03271-1 SEA.

FOR THE COURT:

_____
Brennan, J

_____
Chung, J.

_____
Coburn, J.