**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86852-7-I |
| Respondent, | |
| v. | DIVISION ONE |
| TABATHA ANN SCOTT, | UNPUBLISHED OPINION |
| Appellant. | |

MANN, J. — Tabatha Scott was convicted of one count of possession of a stolen motor vehicle. On appeal, Scott argues that the trial court erred in admitting evidence of a bag of keys and that the victim penalty assessment (VPA) be stricken. We remand to strike the VPA from the judgment and sentence. We otherwise affirm.

I

On June 7, 2021, while on bicycle patrol, Vancouver Police Department Corporal Rey Reynolds noticed a white Pace Arrow motor home parked in the public right of way on Marine Park Way. This area had been a scene of recovered stolen vehicles, abandoned cars, and deposits of solid waste. Reynolds located the vehicle identification number (VIN) number on the motor home and discovered that the home had been reported stolen out of Salem, Oregon on March 6, 2021.

Reynolds knocked on the door of the motor home, but there was no answer after multiple attempts. Reynolds noticed the passenger side door showed signs of being pried open. Reynolds called a tow truck, but the tow truck driver was unable to move the motor home because it was lifted on internal jacks.

A woman, who identified herself as Tabatha Scott, eventually opened the motor home door. Scott told officers that she was sleeping and did not hear their knocks on the door. Officers questioned Scott about the motor home. Scott told officers that she and her husband, Thomas Williams, purchased the motor home around December 2020 from a man named "Hood." Scott explained that she and Williams paid $9,000 for the vehicle but did not have contact information or any identifying details about Hood.

Officers asked Scott to lower the vehicle off the internal jacks so that it could be towed. Scott inserted a screwdriver in the ignition and started the vehicle. When asked about the screwdriver, Scott explained that Hood broke off the key in the ignition. Scott repeated that she did not know the car was stolen.

Scott eventually left and returned in a different car with Williams. Officers learned that the car she returned in was also reported as stolen. Officers searched the car and found a bag of keys that had been shaved down and manipulated. Officers placed the bag of keys into evidence.

Vancouver Police Department Lieutenant Brian Ruder testified at trial that he searched the vehicle and found the bag of keys. Scott objected to this testimony and to any evidence of the bag of keys. Scott argued that it was irrelevant and highly prejudicial. The State countered that the evidence of the keys was relevant to proving

knowledge and proving an absence of mistake. The trial court admitted the bag of keys into evidence, explaining:

> The first question is one of relevance, whether the issue of the keys that are in the custody or control—albeit in a different vehicle—whether this exceptionally large bundle of keys, some of which include—are these bump or shaved keys, whether that is relevant to the question of possession of a stolen vehicle, even though there's a screwdriver in the ignition of the other vehicle. The testimony in the case revolves around, you know, knowledge, as Defense has indicated in the opening statement, whether the State can prove beyond a reasonable doubt a knowing possession of the stolen vehicle. So, I think it definitely survives a relevance objection.
>
> Then, the question is whether, under 403, that although relevant, is—is its probative value substantially outweighed by the danger of unfair prejudice. Certainly, the evidence would be prejudicial, because it would infer a lack of accident. It would infer, you know, keys for other vehicles that are questionable or generally known. And it would tend to negate the idea of an innocent possession of a vehicle that might have some—you know, without a certificate of title, without a registration, without keys, and with a license plate that is mismatched to the VIN number. I'm unable to sustain the objection. I think it is prejudicial, but I don't deem it to be unfairly prejudicial under a 403 analysis. So, assuming the State can lay the foundation then, at least this part of the analysis outside of the jury's ear, has been satisfied.

Ruder testified that the keys appeared to be filed down and manipulated. He explained that when a key is manipulated by shaving off certain portions, it can be used to start the ignition of a vehicle. Ruder then testified that Scott confirmed the bag of keys was hers and that she collects strange keys.

The jury found Scott guilty of possession of a stolen motor vehicle and she was sentenced to four months in county jail. Scott appeals.

II

Scott argues that the bag of keys was unduly prejudicial and irrelevant.[1] We disagree.

We review evidentiary rulings for abuse of discretion. State v. Bartch, 28 Wn. App. 2d 564, 573, 537 P.3d 1091 (2023), review denied, 2 Wn.3d 1026, 544 P.3d 29 (2024). A trial court abuses its discretion when its decision is based on "manifestly unreasonable or based upon untenable grounds or reasons." State v. Stenson, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997). The appellant has the burden of proving an abuse of discretion. State v. Ashley, 186 Wn.2d 32, 39, 375 P.3d 673 (2016).

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. The "threshold to admit relevant evidence is very low. Even minimally relevant evidence is admissible." State v. Darden, 145 Wn.2d 612, 621, 41 P.3d 1189 (2002). For evidence to be relevant, "there must be a logical nexus between the evidence and the fact to be established." State v. Cochran, 102 Wn. App. 480, 486, 8 P.3d 313 (2000). Lastly, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." ER 403.

---

[1] Scott argues that the bag of keys was inadmissible propensity under ER 404(b). The State contends that we should not consider Scott's ER 404(b) argument because it was not raised before the trial court. Scott objected to the evidence of the keys on the basis of ER 402 and ER 403 and did not object on the basis of 404(b).

Generally, the Court of Appeals will not consider issues raised for the first time on appeal unless it is a "manifest error affecting a constitutional right." RAP 2.5(a); State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). Evidentiary errors under ER 404 are not of constitutional magnitude. State v. Yusuf, 21 Wn. App. 2d 960, 974, 512 P.3d 915, review denied, 200 Wn.2d 1011, 518 P.3d 206 (2022). Scott failed to preserve this issue for appeal. See Yusuf, 21 Wn. App. 2d at 974.

Scott argues that the possession of keys had no connection to the motor home and did not make it more probable that Scott knew the motor home was stolen. The trial court found the bag of keys relevant because the case centered on whether Scott had knowledge of possessing a stolen vehicle, and the bag of shaved keys is relevant to proving knowledge.

Ruder testified that Scott confirmed that the bag of keys belonged to her. Further, several of the keys appeared to be filed down and manipulated. Ruder testified that keys can be manipulated by shaving off certain portions and then used to start a vehicle.

We agree with the trial court's determination that the bag of keys was relevant. This case turned on knowledge of possessing a stolen vehicle. A bag of keys that appear to be manipulated and shaved down is relevant to illustrate Scott's knowledge or absence of mistake. The trial court did not abuse its discretion in finding that the evidence was relevant.

The trial court also rejected excluding the keys as unfairly prejudicial under ER 403. The trial court acknowledged that the evidence was prejudicial because it would infer lack of accident but deemed that it was not unfairly prejudicial. We agree.

The bag of keys had strong probative value to the issue of whether Scott had knowledge of the stolen car. Scott repeatedly alleged that she had no knowledge that the motor home was stolen. The keys illustrate a lack of mistake or, as the State points out, that Scott knew how to bypass ignition systems without the proper key. This strong probative value is not outweighed by undue prejudice.

For these reasons, we conclude that the trial court did not abuse its discretion in admitting the keys.

III

Scott argues that remand is necessary to strike the VPA because she is indigent and recent legislation prohibits imposing the fees. The State does not dispute Scott's indigency and does not object to striking the VPA. We accept the State's concessions.

In 2023, the legislature added a subsection to RCW 7.68.035 that prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). LAWS OF 2023, ch. 449, § 1. Our courts have held that recent amendments to statutes governing legal financial obligations apply retroactively to matters pending on direct appeal. State v. Ellis, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).

We remand to strike the VPA from Scott's judgment and sentence. We otherwise affirm.

_____
Mann, J.

WE CONCUR:

_____
Díaz, J.

_____
Bowman, J.