IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 87207-9-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DAVID J. BASSFORD, | |
| Appellant. | |

BOWMAN, J. — David J. Bassford[1] appeals the trial court's order denying his motion to waive interest on restitution. He argues that a 2022 amendment to RCW 10.82.090(2) authorizing the court to waive interest on restitution applies to his decades-old convictions. Because the trial court sentenced Bassford before former RCW 10.82.090(2) (2022) took effect, we affirm.

## FACTS

In 1994, Bassford pleaded guilty to second degree theft. As part of his sentence, the trial court ordered he pay recoupment for attorney fees, a victim penalty assessment (VPA), court costs, and $896.90 in restitution.[2] Then, in 1999, Bassford pleaded guilty to second degree theft and bail jumping. As part

---

[1] Bassford is known as David John Bassford and David Jay Bassford.

[2] Bassford's 1994 judgment and sentence does not appear to impose interest on restitution.

of that sentence, the trial court ordered he pay attorney fees, court costs, a VPA, and $450.00 in restitution.[3]

In 2023, Bassford moved the trial court to waive several fines and fees due to indigency. He also asked the court to waive any interest on restitution under a 2022 amendment to RCW 10.82.090(2). *See* LAWS OF 2022, ch. 260, § 12. The court entered orders in both cases stating it "shall waive all fines and fees except for restitution."

Bassford appeals both orders.[4]

## ANALYSIS

Bassford argues the trial court erred by refusing to waive interest on restitution under former RCW 10.82.090(2).[5] The State argues the amendment does not apply to Bassford's case because the court sentenced him before it took effect. We agree with the State.

We review questions of law de novo. *State v. Molia*, 12 Wn. App. 2d. 895, 897, 460 P.3d 1086 (2020). In 2022, the legislature amended RCW 10.82.090(2) so that courts "may elect not to impose interest on any restitution the court orders." LAWS OF 2022, ch. 260, § 12. And the statute directs courts to consider certain factors, like indigency, before making that discretionary determination. *Id.* The amendment took effect on January 1, 2023. *Id.* We presume that a

---

[3] Bassford's 1999 judgment and sentence states that the financial obligations imposed "shall bear interest."

[4] Bassford appealed the two orders separately in Grant County. Division Three consolidated the appeals before transferring them to this court.

[5] The legislature amended RCW 10.82.090(2) again in 2023. LAWS OF 2023, ch. 449, § 13. The 2023 amendment does not change our analysis.

statutory amendment applies prospectively. *Hale v. Wellpinit Sch. Dist. No. 49*, 165 Wn.2d 494, 507, 198 P.3d 1021 (2009).

Here, the trial court sentenced Bassford and imposed restitution in 1994 and 1999. The legislature did not amend RCW 10.82.090(2) until two decades later. So, the amendment does not apply to Bassford's restitution.

Relying on *State v. Ellis*, Bassford argues the statutory amendment applies to his restitution "because this case is on direct appeal."[6] 27 Wn. App. 2d 1, 530 P.3d 1048 (2023). In *Ellis*, Division Two concluded that the 2022 amendment to RCW 10.82.090(2) applied to the defendant because his case was on direct appeal when the amendment took effect. *Id.* at 15-16. Specifically, the amendment applied because it took effect after Ellis appealed but before Division Two issued its opinion. *See id.* at 16; *see also State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018) (holding a statutory amendment applied because defendant's case "was pending on direct review and thus not final when the amendments were enacted").

But Bassford's case was not pending on direct review when the legislature amended RCW 10.82.090 or when the 2022 amendment went into effect. So, *Ellis* does not apply.

---

[6] In his reply brief, Bassford argues for the first time that the amendment applies prospectively because "the precipitating event - accrual of interest until final payment - has not yet occurred." And, alternatively, "the amendment is remedial and may be applied retroactively." But Bassford did not make these arguments in his opening brief, so we do not consider them here. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration.").

Because former RCW 10.82.090(2) does not apply to Bassford's restitution, we affirm the court's orders on restitution.

Brennan, J

WE CONCUR:

Feldman, J.

Hazelrigg, ACJ