# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57729-1-II |
| Respondent, | |
| v. | |
| WILLIE N. BROWN, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Willie N. Brown appeals the $500 victim penalty assessment (VPA) imposed as part of his resentencing. He also argues that the court erred in applying a $1,666.67 commercial sex abuse of a minor (CSAM) fee. The State concedes that the matter should be remanded to strike the VPA. Both parties also argue that the trial court should strike the CSAM fee as the 2007 version of the statute applied. We conclude that the 2007 statute applies and that it was error for the trial court to apply the 2012 version to reduce the fee by two-thirds. However, we also conclude that it was not error for the trial court to impose the fee altogether as the 2007 statute grants the trial court discretion to do so. Accordingly, we remand for the trial court to consider waiver of the CSAM, allowed under the 2007 version, as it found Brown indigent. We also reverse and remand for the trial court to strike the VPA.

## FACTS

The State charged Brown with and he was convicted by a jury of two counts of commercial sex abuse of a minor along with 12 other crimes. Following a direct appeal, this court vacated two if his other convictions and remanded for resentencing.[1]

At the resentencing hearing, the court determined his offender score had decreased on all counts due to correction of his CSAM convictions as ordered by this court in remand but re-adopted its findings supporting exceptional sentences and again sentenced Brown to 600 months of incarceration and imposed a $500 VPA and a $1,666.67 CSAM fee pursuant to RCW 9.68A.105. Former RCW 7.68.035 (2018). However, the court also altered a no-contact order and struck community custody supervision fees from Brown's judgment and sentence.

Brown appeals the imposition of the VPA and CSMA fees.

## ANALYSIS

I.      VPA

In 2023, the legislature added a subsection to RCW 7.68.035 that prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4). The amendment went into effect on July 1, 2023. LAWS OF 2023, ch. 449. Although the amendment was not in effect at the time of his sentencing, it applies to Brown's case because it is on direct appeal. *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). The State does not dispute that Brown is indigent and concedes that this matter should be remanded to strike the $500 VPA from his judgment and sentence. We accept the State's concessions and remand to the superior court to strike the VPA.

---

[1] *State v. Brown*, No. 54285-4-II (Wash. Ct. App. Apr. 19, 2022) (unpublished), http://www.courts.wa.gov/opinions/.

II.     CSAM FEE

Next, Brown argues that the court erred at resentencing when imposing a CSAM fee of $1,666.67 because at the beginning of the charging period for each of the two counts the fee was $550 and waivable based on indigency. The State concedes that at the beginning of the charging period, former RCW 9.68A.105(a)(b) (2007) applied, making the fee waivable upon a finding of indigency. We accept the State's concession.

"When a court imposes a sentence under Washington's Sentencing Reform Act of 1981, it must do so in accordance with the statutes in effect at the time the defendant committed the offense." *State v. Anderson*, 9 Wn. App. 2d 430, 449, 447 P.3d 176 (2019) (footnote omitted). Former RCW 9.68A.105(a)(b) stated that a person convicted of CSAM "shall be assessed a five hundred fifty dollar fee" and that "[t]he court may not suspend payment of all or part of the fee unless it finds that the person does not have the ability to pay."

The statute was amended several times during the eight-year charging period for Brown. Notably, a 2010 amendment increased the fee to $5,000 but a 2012 amendment then authorized the reduction of the fee by no less than two thirds of the maximum. LAWS OF 2010, ch. 289, § 15; LAWS OF 2012, ch. 134, § 4. But the 2007 version applicable to Brown, allows for complete waiver of the fee, if the trial court finds on the record that the defendant is indigent. LAWS OF 2007, ch. 368, § 11 ("(b) The court may not suspend payment of all or part of the fee unless it finds that the person does not have the ability to pay."). Because the 2007 version of the statue applied at resentencing, the trial court erred when applying the 2012 version of the CSAM fee and reducing the fee to $1,666.67. Nevertheless, under the 2007 version, the trial court has discretion on whether to impose the fee or suspend part or all of the fee due to indigency. LAWS OF 2007, ch. 368, § 11; former RCW 9.68A.105(a)(b).

Moreover, before imposing a discretionary legal financial obligation, the trial court must "conduct an individualized inquiry on the record concerning a defendant's current and future ability to pay." *State v. Ramirez*, 191 Wn.2d 732, 742, 426 P.3d 714 (2018). Accordingly, we remand for the trial court to conduct an individualized inquiry and consider whether to impose the CSAM fee under the 2007 version of the statute

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, J.

Cruser, A.C.J.