# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58123-0-II |
| Respondent, | |
| v. | |
| PETE DEMETRIUS MAESTAS, | UNPUBLISHED OPINION |

VELJACIC, J. — Pete D. Maestas appeals the $500 victim penalty assessment (VPA) imposed as part of his sentence. Because the legislature no longer authorizes the trial court to impose the VPA against an indigent defendant, we reverse and remand for the trial court to strike the VPA.

## FACTS

The State charged Maestas with possession of a stolen vehicle. Following a bench trial, the trial court convicted Maestas as charged. The court found Maestas indigent and as part of his sentence imposed the then mandatory $500 VPA. *Former* RCW 7.68.035 (2018).

Maestas appeals the imposition of the VPA.

## ANALYSIS

In 2023, the legislature added a subsection to RCW 7.68.035 that prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4). The amended statute also requires that trial courts waive any VPA imposed prior to the amendment's effective date if the defendant is indigent. LAWS OF 2023, ch.

449, § 1; RCW 7.68.035(5)(b). The amendment went into effect on July 1, 2023. LAWS OF 2023, ch. 449. Although the amendment was not in effect at the time of his sentencing, it applies to Maestas because this case is on direct appeal. *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).

The State does not dispute that Maestas is indigent and concedes that this matter should be remanded to strike the VPA from Maestas's judgment and sentence.

We accept the State's concession and remand to the superior court to strike the VPA.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, P.J.

Lee, J.