# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>TERAWON ANTONIO SMITH, AKA<br>TERAWON A SMITH, TERAWON SMITH,<br>TEREON A SMITH,<br><br>Appellant. | No. 58004-7-II<br><br>UNPUBLISHED OPINION |

MAXA, P.J. – Terawon Smith appeals the trial court's failure to strike a vacated conviction for theft of a firearm from his judgment and sentence. He also challenges the trial court's imposition of the $500 crime victim penalty assessment (VPA).

On remand from this court, the trial court entered an order vacating Smith's conviction for theft of a firearm. However, the court did not strike references to the vacated conviction from the judgment and sentence. The judgment and sentence also imposed a $500 VPA.

We hold that (1) as the State concedes, the trial court erred in failing to strike the vacated conviction from the judgment and sentence; and (2) as the State concedes, the VPA must be stricken under RCW 7.68.035(4). Accordingly, we remand for the trial court to remove all references to the vacated theft of a firearm conviction from Smith's judgment and sentence and to strike the VPA.

## FACTS

In 2021, a jury found Smith guilty of first degree robbery, theft of a firearm, and second degree unlawful possession of a firearm. Smith appealed his theft of a firearm conviction. On appeal, this court held the two convictions violated double jeopardy and remanded the case to the trial court to vacate the theft of a firearm conviction.

On remand, the trial court entered an order vacating the theft of firearm conviction. However, the trial court did not remove references to the vacated conviction from the judgment and sentence.

In the 2021 judgment and sentence, the trial court imposed a mandatory VPA. The court also found that Smith was indigent.

Smith appeals his judgment and sentence.

## ANALYSIS

A. REMOVAL OF REFERENCES TO THE VACATED CONVICTION

Smith argues, and the State concedes, that any reference to his vacated conviction for theft of a firearm should be removed from his judgment and sentence. We agree.

When a conviction is vacated because of a double jeopardy violation, merely entering an order vacating the conviction is insufficient. *State v. Caril*, 23 Wn. App. 2d 416, 435, 515 P.3d 1036 (2022), *review denied*, 200 Wn.2d 1025, *cert. denied*, 144 S. Ct. 125 (2023). The judgment and sentence cannot have any references to the vacated conviction. *Id.*

Accordingly, we hold that any references to the vacated conviction must be removed from the judgment and sentence.

B.     CRIME VICTIM PENALTY ASSESSMENT

Smith argues, and the State concedes, the $500 VPA should be stricken under the recently amended RCW 7.68.035(4).  We agree.

Effective July 1, 2023, RCW 7.68.035(4) prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3).  *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).  Although this amendment took effect after Smith's sentencing, it applies to cases pending on appeal.  *Id.*

The trial court found that Smith was indigent, but the court did not reference RCW 10.01.160(3).  Nevertheless, the State does not object to striking the VPA.  Accordingly, we agree that the $500 VPA must be stricken from Smith's judgment and sentence.

## CONCLUSION

We remand for the trial court to remove all references to the vacated theft of a firearm conviction from Smith's judgment and sentence and to strike the VPA.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
PRICE, J.

_____
CHE, J.

3