IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,

               Respondent.

    v.

FRANK W. BARBER,

               Appellant.

No. 84707-4-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — Frank W. Barber filed an appeal challenging the imposition of a $500 Victim Penalty Assessment (VPA) and a $100 DNA[1] collection fee as part of his judgment and sentence. When Barber was sentenced in October 2022, the VPA was a mandatory condition of all sentences. Former RCW 7.68.035 (2018). Effective July 1, 2023, the legislature added a subsection to RCW 7.68.035 that prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). *State v. Ellis,* 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).

Similarly, when Barber was sentenced, the DNA collection fee was a mandatory condition of all sentences for individuals whose DNA had not previously been collected. Effective July 1, 2023, the legislature removed the subsection of RCW 43.43.7541 that made DNA collection fees mandatory and added a subsection requiring the trial court to waive collection of any previously imposed DNA collection fees, upon motion of an indigent offender. Laws of 2023, ch. 449, § 1. The State does not dispute that Barber

---

[1] Deoxyribonucleic acid.

is indigent and concedes that this matter should be remanded to strike the VPA and DNA collection fee from Barber's judgment and sentence.

We accept the State's concession and remand to the superior court to strike the VPA provision and the DNA collection fee provision from the judgment and sentence entered in King County Superior Court Cause No. 21-1-04438-0 SEA.

FOR THE COURT:

_Smith, C.J._

_Feldman, J._

_Díaz, J._