# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58543-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JEREMY DUANE WESTCOTT, | |
| Appellant. | |

CHE, J. — Jeremey Duane Westcott appeals the imposition of the crime victim penalty assessment (VPA) fee, the DNA collection fee, and community custody supervision fees.

We remand for the trial court to determine whether Westcott is indigent under RCW 10.01.160(3) and to reconsider the imposition of the VPA fee based on that determination. We also remand for the trial court to strike the DNA collection fee and the community custody supervision fees.

## FACTS

Westcott pleaded guilty to one count of second degree rape of a child. At sentencing, the trial court stated that Westcott "has been unemployed for over two years . . . and is otherwise indigent." Rep. of Proc. (July 14, 2023) at 14. Then, the trial court stated it will impose only mandatory legal financial obligations (LFOs).

No. 58543-0-II

The trial court imposed the VPA fee, the DNA collection fee, and community custody supervision fees. But the trial court did not expressly determine that Westcott was indigent under RCW 10.01.160(3). Westcott appeals.

ANALYSIS

Westcott argues that we should strike the provisions of his judgment and sentence imposing the VPA fee, the DNA collection fee, and community custody supervision fees because of recent statutory amendments.

A.    *VPA Fee*

The State concedes that remand is appropriate to determine whether Westcott is indigent as defined in RCW 10.01.160(3) and if so, the trial court should strike the VPA fee that Westcott challenges. We accept the State's concession.

"The court shall not impose the [VPA] . . . if the court finds that the defendant, at the time of sentencing, is indigent as defined in RCW 10.01.160(3)." RCW 7.68.035(4). This statute went into effect on July 1, 2023. LAWS OF 2023, ch. 449, § 1. And Westcott was sentenced shortly thereafter. So, that version of the statute applied at the time of his sentencing.

While the trial court generally opined that Westcott was indigent at the sentencing hearing, the trial court did not specifically determine that Wescott was indigent under RCW

2

10.01.160(3).[1] Because there was no explicit determination that Westcott was indigent under RCW 10.01.160(3) and the State does not concede this issue, we remand for the trial court to determine whether Westcott is indigent under that statute and to reconsider the imposition of the VPA fee based on that determination. *See State v. Ellis*, 27 Wn. App. 2d 1, 16-17, 530 P.3d 1048 (2023).

B.      *DNA Collection Fee and Community Custody Supervision Fees*

The State concedes that we should remand this matter for the trial court to strike provisions imposing the DNA collection fee and community custody supervision fees. We accept the State's concession.

The DNA collection fee is no longer authorized by statute effective July 1, 2023. RCW 43.43.7541(2). And "[e]ffective July 2022, RCW 9.94A.703(2) no longer authorizes the imposition of community custody supervision fees." *Ellis*, 27 Wn. App. 2d at 17. Both of these statutes were in place at the time the trial court sentenced Wescott, and so, they apply to him.

Based on the aforementioned authorities, we accept the State's concession that the DNA collection fee and community custody supervision fees should be stricken.

---

[1] RCW 10.01.160(3) provides that a defendant is

> "indigent" if the defendant (a) Meets the criteria defined in RCW 10.101.010(3) (a) through (c); (b) is homeless or mentally ill as defined in RCW 71.24.025; (c) has household income above 125 percent of the federal poverty guidelines and has recurring basic living costs, as defined in RCW 10.101.010, that render the defendant without the financial ability to pay; or (d) has other compelling circumstances that exist that demonstrate an inability to pay.

No. 58543-0-II

CONCLUSION

We remand for the trial court to determine whether Westcott is indigent under RCW 10.01.160(3) and to reconsider the imposition of the VPA fee based on that determination. We also remand for the trial court to strike the DNA collection fee and community custody supervision fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Glasgow, P.J.

Price, J.

4