IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  58267-8-II |
| Respondent, | |
| v. | |
| JORGE LUIS GOMEZ, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Jorge L. Gomez appeals, arguing that both the $500 crime victim penalty assessment (CVPA) and the $100 DNA collection fee should be stricken from his judgment and sentence.  The State concedes.  We accept the State's concession and remand to the trial court to strike the CVPA and DNA collection fee from Gomez's judgment and sentence.

FACTS

In 2023, the trial court sentenced Gomez for the crimes of reckless driving, driving under the influence with a minor under sixteen years of age, and felony harassment—domestic violence. At sentencing, the trial court inquired about Gomez's annual income, and Gomez stated he made about $10,000 annually.  The court found Gomez indigent and imposed a $500 CVPA and a $100 DNA collection fee.

Gomez appeals.

ANALYSIS

Gomez argues that the CVPA and DNA collection fee must be stricken from his judgment and sentence.  The State concedes that the CVPA and DNA collection fee should be stricken.  We agree.

As of July 2023, RCW 7.68.035(4) establishes that the CVPA is no longer authorized for defendants found to be indigent under RCW 10.01.160(3). *State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048, *pet. for rev. filed,* 102378-2 (2023). A defendant is indigent under RCW 10.01.160(3)(a) if the defendant "[m]eets the criteria defined in RCW 10.101.010(3)(a) through (c)." RCW 10.101.010(3)(c) defines an indigent defendant as any individual "[r]eceiving an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level."[1] Although the amendment to RCW 7.68.035(4) took effect after Gomez's sentencing, the amendment applies to cases pending on appeal. *Ellis*, 27 Wn. App. 2d 1 at 16.

The trial court found Gomez indigent at sentencing following an inquiry about Gomez's annual income, which Gomez stated was $10,000. Gomez's annual income is "one hundred twenty-five percent or less of the current federally established poverty level." RCW 10.101.010(3)(c). Thus, the CVPA is no longer authorized for Gomez.

Also, effective July 1, 2023, the DNA collection fee is no longer statutorily authorized. RCW 43.43.7541; LAWS OF 2023, ch. 449, § 4. Because Gomez's case is on appeal, the amendments to RCW 43.43.7541 apply. *Ellis*, 27 Wn. App. 2d 1 at 17. Therefore, imposition of the DNA collection fee is no longer authorized.

## CONCLUSION

The trial court found Gomez to be indigent, and the statute no longer authorizes imposition of the CVPA on indigent defendants. Also, the DNA collection fee is no longer statutorily

---

[1] The federally established poverty level for a single-family household in 2023 was $14,580. *Department of Health and Human Services*, 88 Fed. Reg. 3424.

No. 58267-8-II

authorized. Therefore, we remand to the trial court with instructions to strike both the CVPA and the DNA collection fee from Gomez's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Price, J.

3