# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58134-5-II |
| Respondent, | |
| v. | |
| GORDON L. BURKS, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, C.J. — In April 2023, Gordon Burks was convicted of trafficking in stolen property in the first degree. The trial court sentenced Burks to 60 days of confinement, with 30 days of the sentence converted to community service. Additionally, the trial court imposed a victim penalty assessment (VPA) and a DNA collection fee. Because Burks receives public assistance, the trial court found him indigent as defined in RCW 10.101.010(3)(a). Burks appeals, claiming that changes to RCW 7.68.035 and RCW 43.43.7541 after his conviction require this court to remand with instructions to strike the imposition of the VPA and DNA collection fee. The State concedes. We accept the State's concession and remand with instructions to strike both fees.

## FACTS

In April 2023, a jury found Burks guilty of one count of first degree trafficking in stolen property. At sentencing, the trial court found Burks indigent, based on the fact that he receives supplemental security income. The trial court sentenced Burks to 60 days of confinement, with 30 days of the sentence converted to community service. Additionally, the court imposed a $500 VPA

No. 58134-5-II

and a $100 DNA collection fee. Burks now appeals, requesting that this court remand the case to the trial court with instructions to strike both the VPA and the DNA collection fee. The State concedes that the changes to the relevant statute require this court to remand with instructions to strike both fees.

## ANALYSIS

### I. LEGAL PRINCIPLES

As of July 2023, a court may not impose the VPA on a defendant who has been found indigent as defined in RCW 10.01.160(3). RCW 7.68.035(4); s*ee* LAWS OF 2023, ch. 449, § 1. The court must also waive any VPA fees that were imposed on indigent defendants prior to July 2023 upon motion by the defendant. RCW 7.68.035(5)(b). Additionally, as of July 2023, there is no longer a mandatory DNA collection fee. RCW 43.43.7541; s*ee* LAWS OF 2023, ch. 449, § 4. Though these statutory amendments were made after Burks' sentencing, these statutory amendments apply to cases on direct appeal, as the judgment is not yet final. *State v. Ramirez*, 191 Wn.2d 732, 747-49, 426 P.3d 714 (2018).

### II. APPLICATION

The trial court found Burks indigent as defined in RCW 10.01.160(3), as he receives public assistance in the form of supplemental security income. Thus, Burks should be exempted from the VPA per RCW 7.68.035(4). Because RCW 43.43.7541 no longer imposes a mandatory DNA collection fee, Burks should be exempted from that fee as well. *See State v. Ellis*, 27 Wn. App. 2d 1, 17, 530 P.3d 1048 (2023). The State agrees that the trial court should strike the fees due to the amendments to the law. Even though Burks was sentenced prior to July 2023, when the law took

2

No. 58134-5-II

effect, the amendments apply to him, as his case is on direct appeal. *See Ramirez*, 191 Wn.2d at 747-49. Thus, we accept the State's concession and remand with instructions to strike both fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

GLASGOW, J.

VELJACIC, J.