# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58564-2-II |
| Respondent, | |
| v. | |
| KYLE GENE JARSTAD, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Kyle Jarstad appeals the imposition of a $500 crime victim penalty assessment (VPA) after his guilty plea for second degree murder, unlawful imprisonment, and first degree robbery. Jarstad argues, and the State concedes, that the VPA is improper due to his indigency status and recent legislative changes prohibiting the imposition for indigent defendants. Jarstad also makes several assertions in his statement of additional grounds (SAG).

We agree that the VPA must be stricken, and we reject Jarstad's SAG claims. Accordingly, we affirm Jarstad's convictions, but we remand for the trial court to strike the VPA from the judgment and sentence.

## FACTS

Jarstad pled guilty to second degree murder, unlawful imprisonment, and first degree robbery in November 2021 as part of a plea agreement with the State. Pursuant to the plea agreement, the parties jointly recommended that Jarstad be sentenced to 165 months on the murder charge. However, at sentencing in June 2023 the trial court rejected the recommendation

and instead sentenced Jarstad to 265 months on the murder charge, which was within the standard range.

The trial court found Jarstad indigent under RCW 10.101.010(3), but imposed a $500 VPA as part of his sentence.

Jarstad appeals the imposition of the VPA.

ANALYSIS

A.     CRIME VICTIM PENALTY ASSESSMENT

Jarstad argues, and the State concedes, that the VPA must be stricken from his judgment and sentence. We agree.

Under the law in effect at the time of Jarstad's sentencing in June 2023, the imposition of the VPA was mandatory notwithstanding a defendant's ability to pay. Former RCW 7.68.035(1)(a) (2022). However, effective July 1, 2023, RCW 7.68.035(4) now prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). *See State v. Ellis,* 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). For purposes of RCW 10.01.160(3), a defendant is indigent if they meet the criteria in RCW 10.101.010(3). Although this amendment took effect after Jarstad's sentencing, it applies to cases pending on appeal. *Ellis*, 27 Wn. App. 2d at 16.

Here, the trial court found that Jarstad was indigent as defined in RCW 10.101.010(3)(a)-(c) during sentencing. Therefore, we remand for the trial court to strike the VPA from Jarstad's judgment and sentence.

B.       SAG CLAIMS

Jarstad makes a number of assertions in his SAG: (1) the judge changed between his plea hearing and sentencing and the new judge was sexist, (2) he cooperated fully and agreed to testify against his co-defendants, (3) the prosecutor agreed to a recommended sentence of 165 months, (4) he would not have pled guilty if he knew he would be given a higher sentence, (5) he should have been charged with either first degree assault or assisting in a murder, and (6) he did not rob or unlawfully imprison the victim.

Under RAP 10.10(c), "the appellate court will not consider a defendant's [SAG] for review if it does not inform the court of the nature and occurrence of alleged errors." Here, claims (2), (3), and (5) are too vague and do not inform the court of the alleged errors, and we decline to address them under RAP 10.10(c).

Regarding claim (1), the trial court expressly informed Jarstad when he pled guilty that a different judge would preside at sentencing. And there is nothing improper about different judges handling the guilty plea and sentencing. In addition, Jarstad does not point to anything in the record suggesting that the sentencing judge was "sexist."

Regarding claim (4), the trial court expressly told Jarstad when he pled guilty that the court did not have to follow the parties' recommendation. And by statute, the trial court is not bound by any recommendations contained in a plea agreement. RCW 9.94A.431(2). Therefore, claim (4) has no merit.

Claim (6) appears to relate to the sufficiency of the evidence. However, we have reviewed the record and the evidence clearly supports Jarstad's unlawful imprisonment and first degree robbery convictions.

CONCLUSION

We affirm Jarstad's convictions, but we remand for the trial court to strike the $500 VPA

from Jarstad's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
VELJACIC, A.C.J.

_____
CHE, J.