# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57511-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| KIMOTHY WYNN, | |
| Appellant. | |

CHE, J. — In 2003, Kimothy Wynn was convicted of two counts of first degree assault with firearm sentence enhancements and one count of first degree unlawful possession of a firearm. The trial court sentenced Wynn to a standard range sentence of 459 months confinement and imposed a $110 criminal filing fee, a $500 victim penalty assessment (VPA), and $100 DNA collection fee.

In 2021, Wynn was resentenced following the Washington Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). After determining that Wynn's offender score must be reduced, the trial court resentenced Wynn to 408 months confinement and noted that all other terms and conditions of the original judgment and sentence remained in full force and effect.

Wynn appeals the new judgment and sentence following his resentencing.

No. 57511-6-II

ANALYSIS

Wynn argues, and the State concedes, that the trial court improperly imposed legal financial obligations in his judgment and sentence. We accept the State's concession.

Effective July 1, 2023, RCW 7.68.035(4) prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). For purposes of RCW 10.01.160(3), a defendant is indigent if they meet the criteria in RCW 10.101.010(3). Although this amendment took effect after Wynn's sentencing, it applies to cases pending on appeal. *Ellis*, 27 Wn. App. 2d at 16.

Additionally, at the time of Wynn's resentencing, the trial court was only authorized to impose the criminal filing fee if it found Wynn not indigent. RCW 10.01.160(3); RCW 36.18.020(2)(h). The trial court made no such finding.

Wynn and the State agree that Wynn is indigent under RCW 10.101.010(3)(c). And the trial court found Wynn indigent for purposes of this appeal. Accordingly, the criminal filing fee and the VPA must be stricken from Wynn's judgment and sentence. Although Wynn does not specifically challenge the trial court's imposition of the DNA fee, the State contends that the DNA fee must also be stricken from Wynn's judgment and sentence. Effective July 1, 2023, the DNA collection fee is no longer statutorily authorized. RCW 43.43.7541; LAWS OF 2023, ch. 449, § 4. Because Wynn's case is on appeal, the amendments to RCW 43.43.7541 apply. *Ellis*, 27 Wn. App. 2d 1 at 17. Therefore, imposition of the DNA collection fee is no longer authorized and the trial court should strike it upon remand.

2

No. 57511-6-II

CONCLUSION

We remand for the trial court to strike the VPA, filing fee, and DNA fee from Wynn's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, J.

Veljacic, A.C.J.

3