# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58802-1-II |
| Respondent, | |
| v. | |
| CONNER JAY HUNT, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — Conner J. Hunt appeals his sentence, arguing that his community custody supervision fees should be stricken because of new legislation that went into effect while his appeal was pending. The State concedes that the community custody supervision fees should be stricken from his judgment and sentence. We accept the State's concessions and remand to the trial court for the limited remedy to strike the community custody supervision fees from Hunt's judgment and sentence.

## FACTS

On October 23, 2015, Hunt was charged with one count of rape of a child in the second degree and two counts of communication with a minor for immoral purposes. Hunt pled guilty to rape of a child in the second degree in exchange for the State's dismissal of his two counts of communication with a minor for immoral purposes. The superior court issued its judgment and

sentence on December 29, 2015. His judgment and sentence was then amended on March 31, 2016 to reflect that Hunt was a sex offender subject to indeterminate sentencing under RCW 9.94A.507. As part of the amended judgment and sentencing, the court mandated that he pay community custody supervision fees. Hunt filed an untimely notice of appeal in September 2023. In late 2023, our court granted Hunt's motion for an extension of time to file an appeal.

Hunt appeals his sentencing.

ANALYSIS

Hunt challenges the provision of his judgment and sentence requiring him to pay supervision fees during his lifetime term of community custody. When Hunt was sentenced in 2016, the superior court had discretion to impose payment of supervision fees as a term of community custody. Former RCW 9.94A.703(2)(d) (2015); LAWS OF 2015, ch. 81, § 3. However, while Hunt's appeal was pending, the law was amended to remove the court's ability to impose supervision fees, effective July 1, 2022. Former RCW 9.94A.703 (2022)[1]; LAWS OF 2022, ch. 29, § 7; LAWS OF 2022, ch. 29, § 8. Based on the amendment, we agree with Hunt. The State does not object to remand to strike community custody supervision fees.

Although these amendments took effect after Hunt's sentencing, they apply to cases pending appeal. *State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). Therefore, we accept the State's concession and remand for the trial court to strike its imposition of the community custody supervision fees from Hunt's judgment and sentence.

---

[1] While the statute was amended in 2024, the amendment does not affect our analysis.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Maxa, J.

Che, J.