IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

ANTHONY C. PRESSLEY,

Appellant.

No. 86713-0-I

DIVISION ONE

UNPUBLISHED OPINION

CHUNG, J. — In Anthony Pressley's direct appeal of his judgment and sentence, we remanded to the trial court to enter written findings of fact and conclusions of law regarding the exceptional sentence and to strike two community custody conditions. In this appeal from the sentence entered after remand, Pressley asks this court to remand again to strike the provision of his sentence requiring him to pay the $500 victim penalty assessment (VPA) and the $100 DNA collection fee and for the trial court to consider waiving interest on restitution pursuant to legislation that went into effect after his original sentencing. We decline to do so, as Pressley had the opportunity to request this relief at his resentencing but failed to do so.

FACTS

On July 15, 2021, a jury convicted Pressley of three counts of rape of a child in the second degree, rape of a child in the third degree, one count of child molestation in the second degree, witness tampering, and two violations of a protection order. The jury also found a pattern of sexual abuse by special verdict, based on which the court

imposed an exceptional sentence. Pressley timely appealed. In December 2021, while the appeal was pending, the trial court entered an agreed restitution order. Both the original judgment and sentence and the restitution order imposed interest on restitution.

On direct appeal, Pressley raised numerous challenges to his convictions and challenged his sentence on the grounds that the trial court erred by imposing an exceptional sentence without entering the requisite findings of fact and conclusions of law and by imposing community custody conditions that violate his constitutional rights. State v. Pressley, No. 83154-2-I, slip op. at 1 (Wash. Ct. App. Mar. 6, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/831542.pdf. We affirmed Pressley's convictions but "remand[ed] for entry of written findings of fact and conclusions of law regarding the exceptional sentence" and to strike two community custody conditions. Id. at 1, 17-22. The decision became final and the case was mandated to the trial court for further proceedings on April 28, 2023.

The court held a resentencing hearing on remand on April 26, 2024. The order amending the judgment and sentence was presented as an agreed order. Defense counsel noted the exceptional sentence was contested and did not agree to the findings of fact and conclusions of law, but deferred to the court. The court entered findings of fact and conclusions of law supporting the exceptional sentence, as it found the jury had found an aggravating factor by special verdict as to counts 1-4 and 6. The court attached the special verdicts and ordered its findings and conclusions be appended to the judgment and sentence. The court also corrected a scrivener's error "as it related to Counts 5 and 6 where the appropriate ranges and statutory maximums were . . . transposed." Finally, to comply with the mandate from this court, the trial court struck

two community custody conditions. Otherwise, the signed order amending the judgment and sentence specified that "[a]ll other provisions of the Judgment and Sentence remain in force and effect."

Pressley timely filed a notice of appeal of the April 2024 judgment and sentence.

DISCUSSION

In this appeal, Pressley argues that based on legislative amendments that took effect after his original sentencing, this court should remand for the trial court to remove from his sentence the $500 VPA and the $100 DNA collection fee. Additionally, he seeks remand so the trial court may consider his ability to pay interest on restitution, based on another legislative amendment that gives the trial court discretion to do so. The State argues that Pressley's claims "have no merit and should not be heard given a mandate has already returned affirming the decisions in the 2021 judgment and sentence."[1]

When the trial court sentenced Pressley in 2021, the law mandated that all sentences include the $500 VPA as well as a $100 DNA collection fee, if not previously collected. Former RCW 7.68.035(1) (2022) (VPA); former RCW 43.43.7541 (2022)

---

[1] The State also argues that Pressley cannot now appeal the "sentencing court's 2021 decisions to impose the challenged legal financial obligations given his 2024 notice of appeal is untimely as to those decisions and given they have not been designated in the notice of appeal." Generally, RAP 5.2(a) requires a party to file their notice of appeal from a final judgment within 30 days, and RAP 5.3(a)(3) requires a party to "designate the decision or part of decision which the party wants reviewed." However, under RAP 2.4(b), we will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review.

While the trial court's April 26, 2024 "Order Amending Judgment and Sentence" addresses only the issues remanded by this court and a scrivener's error, it states, "All other provisions of the Judgment and Sentence remain in force and effect." Pressley's notice of appeal "seeks review . . . of the judgment and sentence, and every part thereof, entered on the 26th day of April, 2024." As the notice of appeal designates "the judgment and sentence," it is distinguishable from the restitution order designated in the unpublished case the State cites, State v. Curtiss, No. 82261-6-I, (Wash. Ct. App. Mar. 21, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/822616.pdf. However, we need not resolve the State's argument on this basis because we decline to review Pressley's claims on other grounds.

(DNA fee). However, in 2023, the legislature passed Engrossed Substitute House Bill (ESHB) 1169, which prohibits courts from imposing the VPA on indigent defendants and eliminated the DNA collection fee, effective July 1, 2023. LAWS OF 2023, ch. 449, §§ 1, 4. And in 2022, the legislature added a subsection to RCW 10.82.090 giving the court discretion to "elect not to impose interest on any restitution the court orders," effective January 1, 2023. LAWS OF 2022, ch. 260.

Pressley argues that these amendments apply to his case because it is pending on appeal. Amendments to cost statutes apply prospectively to cases still pending on appeal. State v. Ellis, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023) (citing State v. Ramirez, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018)). Thus, courts have held that recent amendments relating to legal financial obligations apply to cases pending on direct appeal. Ellis, 27 Wn. App. 2d at 6 (remanding to trial court to strike the VPA, DNA collection fee, and to reconsider the imposition of interest on restitution); State v. Wemhoff, 24 Wn. App. 2d 198, 199, 519 P.3d 297 (2022) (remanding to strike the imposition of community custody supervision fees because "amendments to statutes imposing costs on criminal defendants apply to cases on appeal"); State v. Reed, 28 Wn. App. 2d 779, 782, 538 P.3d 946 (2023) (holding "restitution interest is analogous to costs for purposes of applying the rule that new statutory mandates apply in cases . . . on direct appeal.").

The original sentencing court found Pressley indigent. While his direct appeal was pending, the amendment allowing courts discretion as to whether to impose interest on restitution went into effect, on January 1, 2023. However, the VPA and DNA fee amendments did not go into effect until July 1, 2023, after the mandate in his direct

appeal issued on April 28, 2023. But by the time of his April 2024 resentencing hearing, all three legal financial obligations (LFO) legislative amendments were in effect. Pressley's situation is different from that of the defendant in <u>Ellis</u>, who appealed from a resentencing that took place before the amendments to the cost statutes went into effect and did not have an opportunity to raise the issue. By contrast, Pressley could have moved the trial court at resentencing to apply the legislation to strike the VPA and the DNA fee and to consider whether to impose interest on restitution. This is so even though the mandate remanded the sentence on limited grounds, as Pressley did not have the opportunity to request the costs be stricken while his direct appeal was pending.[2]

But if a sentencing or resentencing occurs after the effective date of the amendments, LFO claims are waivable and cannot be the sole basis for an appeal if they were not raised below. Because Pressley could have raised these issues before the trial court on resentencing, we hold that he waived his opportunity to raise the issue and decline to review the alleged errors. RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court.").[3]

We affirm.

---

[2] The statute on interest on restitution went into effect on January 1, 2023, while his direct appeal was still pending, though this effective date was after the oral argument hearing, which occurred on November 1, 2022.

[3] Pressley is not entirely foreclosed from seeking remission of his LFOs, however. "Upon motion by the offender, the court shall waive any fee for the collection of the offender's DNA imposed prior to July 1, 2023." RCW 43.43.7541(2). Also, a defendant may bring a motion seeking waiver of the VPA upon a showing of indigency. RCW 7.68.035(5)(b).

Chung, J.

WE CONCUR:

Feldman, J.

Díaz, J.