# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>CORY MARK VANWINKLE,<br><br>Appellant. | No. 87227-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — After a jury found Cory Vanwinkle guilty of child molestation, the court imposed a $500 crime victim penalty assessment (VPA) and a $200 filing fee. Vanwinkle appeals, arguing the court erred in imposing the fees because the sentencing court found him indigent. We remand to strike both fees.

A jury found Vanwinkle guilty of three counts of child molestation in the first degree. At sentencing, the State asked the court to impose the VPA, a DNA fee, and a filing fee. Vanwinkle did not object and moved to appeal in forma pauperis. The court ordered a $500 VPA and a $200 filing fee. In the judgment and sentence, the court made a specific finding in paragraph 2.5 that Vanwinkle was indigent as defined in RCW 10.101.010(3)(a)-(c) because he received an annual income, after taxes, at or below the 125 percent of the federal poverty line. By order entered the same day, the court also concluded Vanwinkle was unable to pay for any expenses of appellate review and granted Vanwinkle's motion for an

appeal in forma pauperis. Vanwinkle appeals, challenging the imposition of the VPA and the filing fee.

"The court shall not impose the penalty assessment under this section if the court finds that the defendant, at the time of sentencing is indigent as defined in RCW 10.01.160(3)." RCW 7.68.035(4). Similarly, the filing fee "shall not" be imposed on a defendant who is indigent as defined in RCW 10.01.160(3). RCW 36.18.020(2)(h). Under RCW 10.01.160(3), a defendant is indigent, among other reasons, if the defendant meets the criteria defined in RCW 10.101.010(3)(a)-(c). The court made a specific finding that Vanwinkle met those criteria. Because the court found Vanwinkle was indigent, in accordance with RCW 7.68.035(4) and RCW 36.18.020(2)(h) it should not have imposed the VPA or the filing fee. Cf. State v. Ellis, 27 Wn. App. 2d 1, 17-18, 530 P.3d 1048 (2023), rev'd in part on other grounds, 5 Wn.2d 549, 579 P.3d 37 (2025). We remand for the court to strike the VPA and filing fee as a ministerial matter.

Birk, J.

WE CONCUR: